```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

WILLIAM H. BOOTHE,                 :
                                   :   NO. 1:06-CV-00784
        Plaintiff,                 :
                                   :
                                   :
   v.                              :   **OPINION AND ORDER**
                                   :
                                   :
COMMISSIONER OF SOCIAL             :
SECURITY,                          :
                                   :
        Defendant.

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that the decision of Defendant be affirmed and this case be closed (doc. 10). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

Plaintiff filed an application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on October 24, 2003, alleging disability since July 2002, due to herniated disks, pain and leg cramps, muscle spasms, and headaches (Id.). Plaintiff's application was denied initially and upon reconsideration (Id.). On October 12, 2005, Plaintiff, represented by counsel appeared before an Administrative Law Judge ("ALJ") who issued a decision denying Plaintiff's DIB and SSI applications on March 15, 2006 (Id.). Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner (Id.).

Plaintiff filed the instant appeal on November 15, 2006, assigning three errors (doc. 7).  First, Plaintiff contended the ALJ erred in assessing the severity of Plaintiff's impairments (Id.).  Second, Plaintiff argued the ALJ erred in assessing Plaintiff's subjective complaints of pain and limitations (Id.). Finally, Plaintiff argued that the ALJ failed to comply with Social Security Ruling ("SSR") 96-7p in discrediting Plaintiff for his failure to obtain treatment from June 2003 through April 2005, without first considering Plaintiff's explanation for his lack of treatment (Id.).

The Magistrate Judge, after thoroughly reviewing the factual background and law relevant to this matter, recommended that the decision of the Commissioner be affirmed (doc. 10).  In Plaintiff's first assignment of error, he specifically argued that the ALJ erred in failing to consider whether Plaintiff's disc bulges, disc protrusions, and annular disc tears are separate and distinct from Plaintiff's degenerative disc disease, and whether those conditions are severe in contravention of SSR 96-3p (Id.). The Magistrate Judge found that:

> Because the ALJ considered these impairments when determining plaintiff's residual functional capacity, including those symptoms and limitations which plaintiff characterized as being caused by such impairments, any failure on the part of the ALJ to characterize such impairments as "severe" at step two of the sequential evaluation process does not constitute reversible error (Id., citing Maziarz v. Secretary of Health and Human

Services, 837 F.2d 240, 255 (6th Cir. 1987)).

Considering Plaintiff's second argument, the Magistrate Judge concluded that the ALJ properly assessed Plaintiff's credibility in light of the requirements of 20 C.F.R. §§ 404.1529(c) and 416.929(c), and SSR 96-7p, in determining that Plaintiff "is only partially credible with regard to his alleged symptoms and functional limitations- and not to the extent of precluding a range of sedentary unskilled work" (doc. 10). Further, the Magistrate Judge considered Plaintiff's third, related, argument, that the ALJ discredited Plaintiff for his failure to obtain medical treatment from June 2003 to April 2005, without considering Plaintiff's explanation (Id.). The Magistrate Judge found that the ALJ properly dismissed Plaintiff's explanation for the gap in treatment, and did not err in factoring the gap into Plaintiff's credibility assessment (Id., citing Strong v. Social Sec. Admin., 88 Fed. Appx 841, 846 (6th Cir. 2004)). Finally, the Magistrate Judge concluded the ALJ's finding that Plaintiff was less than fully credible with regard to his claims of disabling pain to be fully supported by the record (Id.).

The Plaintiff objects to the Report and Recommendation, arguing that the Magistrate Judge failed to consider all of the medical evidence in the record supporting the Plaintiff's subjective complaints of pain and limitations (doc. 11). Pursuant to SSR 96-7p:

-3-

> In determining the credibility of an individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence on the record.

Plaintiff argues that neither the ALJ nor the Magistrate Judge reviewed the entire case record, evidenced by their failure to discuss the procedures that the Plaintiff underwent to relieve his pain, including two Bilateral S1 Transforaminal Nerve Root Block injections, as well as a 4 Level lumbar Discogram and a Lumbar Spine CT (doc. 11). Also, Plaintiff contends that the Magistrate Judge did not adequately discuss Dr. David Chow's opinion of Plaintiff's condition after Plaintiff's Percutaneous Coblation/Nucleoplasty surgical procedure on April 9, 2003 (Id.).

Having reviewed the record, the Court finds no merit in Plaintiff's objections. Contrary to Plaintiff's assertion, the Magistrate Judge discussed, in detail, the hearing testimony and Plaintiff's medical history, specifically addressing the above listed procedures (doc. 10). Plaintiff's assertion that both the ALJ and the Magistrate Judge failed to review the entire case record is patently false. The ALJ clearly considered Plaintiff's entire record in concluding that Plaintiff's subjective complaints of pain were not supported by the medical evidence (doc. 4). The Magistrate Judge, also, followed the mandate of SSR 96-7p, and

-4-

specifically considered the medical evidence in finding the ALJ's decision supported by substantial evidence (doc. 10).  The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 10), and thereby AFFIRMS the decision of the Commissioner.

SO ORDERED.

Dated: January 30, 2008          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge